UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OCEAN ADVOCATES, *et al.*,

    Plaintiffs,

v.

UNITED STATES CORP OF ENGINEERS, *et al.*,

    Defendants,

BP WEST COAST PRODUCTS, LLC,

    Intervenor.

Case No. C00-1971L

ORDER GRANTING MOTION TO REMAND CERTAIN ISSUES TO U.S. ARMY CORPS OF ENGINEERS

    This matter comes before the Court on the "Motion of BP West Coast Products LLC for Order Remanding Issues to U.S. Army Corps of Engineers." Dkt. # 96. The Corps of Engineers and Colonel Ralph H. Graves ("the federal defendants") have joined in BP's motion and filed memoranda in support of BP's request that the Court issue an order directing the Army Corps of Engineers to (1) prepare the environmental impact statement ("EIS") mandated by the Ninth Circuit in its March 4, 2005, opinion, (2) determine whether the Section 10 permit the Corps issued for construction of the northern platform at the Cherry Point Refinery must be amended to comply with the Magnuson Amendment, and (3) adopt those amendments as necessary. Plaintiffs do not oppose defendants' request for remand of the National Environmental Policy Act claims to the Corps for preparation of an EIS, but argue that this Court, rather than the Corps, should determine whether the existing permit violates the

ORDER GRANTING MOTION TO REMAND

Magnuson Amendment.

Having reviewed the Ninth Circuit's opinion and the memoranda, declaration, and exhibit submitted by the parties, the Court finds that remand of both the NEPA and Magnuson Amendment claims to the Corps is appropriate. With regards to the Magnuson Amendment claim, the Ninth Circuit found that this Court had erroneously interpreted the language of the permit and remanded to the district court for consideration of a number of factual issues. The Ninth Circuit's opinion identifies a number of issues that were not considered by the Corps when it issued the permit, in part because no court had yet interpreted the Magnuson Amendment and the scope of the required inquiry was not clear. In such circumstances, a remand to the agency for further development of the record and corresponding action is necessary:

> [I]f the agency has not considered all relevant factors[] or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a de novo inquiry in the matter being reviewed and reach its own conclusions based on such an inquiry. . . . The [Administrative Procedure Act] specifically contemplates judicial review on the basis of the agency record . . . .

Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

Not only is a remand of the Magnuson Amendment claim consistent with the governing case law, but the Ninth Circuit specifically instructed the Court "to remand to the Corps so that it can . . . reevaluate the dock extensions's potential violation of the Magnuson Amendment." Ocean Advocates v. U.S. Army Corps of Eng'rs, 402 F.3d 846, 875 (9th Cir. 2005). Plaintiffs argue that this instruction "cannot be read in isolation but, according to settled law, must be construed in light of the Ninth Circuit's entire opinion." Response at 6. Plaintiffs point to a number of passages in the opinion where the Ninth Circuit states that it will "remand this case to the district court to answer" certain questions and interpret these passages as express

ORDER GRANTING MOTION TO REMAND    2

directions that this Court, rather than the Corps, is to answer those questions and evaluate compliance with the Magnuson Amendment "in the first instance." Response at 4. Plaintiffs rely on rather equivocal language to trump the clear procedural instructions provided in the concluding paragraph. Rather than evaluating the Ninth Circuit's opinion as a whole, plaintiffs' interpretation completely ignores the specific directions provided by the appellate court regarding how this matter should proceed on remand. Defendants' interpretation, on the other hand, gives meaning to all of the relevant sections: the passages within the opinion show that the Ninth Circuit intended to remand the matter to the district court so that it could exercise its primary responsibility for reviewing the Corps' decisions. Under this interpretation, a remand "to the district court to answer the following questions" is not inconsistent with the express instruction that the district court further remand specific issues to the Corps for consideration.

For all of the foregoing reasons, defendants' motion for remand of certain issues is GRANTED. The U.S. Army Corps of Engineers is directed to (1) prepare a full EIS considering the impact of reasonably foreseeable increases in tanker traffic as mandated by the Ninth Circuit in its March 4, 2005, opinion, and (2) reevaluate whether the permit that the Corps issued to authorize construction of the northern platform at the Cherry Point Refinery will or may result in any increase in the volume of crude oil capable of being handled at the facility in violation of the Magnuson Amendment. The Corps shall revoke the permit or place conditions on the operation of the dock extension if necessary to ensure compliance with the law.

DATED this 22nd day of August, 2005.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO REMAND     3